**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF**<br>**TIMOTHY J. SULLIVAN**<br>**UNITED STATES MAGISTRATE JUDGE** | **6500 Cherrywood Lane**<br>**Greenbelt, Maryland 20770**<br>**Telephone: (301) 344-3593** |

October 26, 2021

LETTER TO COUNSEL:

      RE:   *Shelley S. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
             Civil No. TJS-20-2587

Dear Counsel:

      On September 8, 2020, Plaintiff Shelley S. petitioned this Court to review the Social Security Administration's final decision to deny her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 13 & 14. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

      In her applications for DIB and SSI, Shelley S. alleged a disability onset date of March 30, 2017. Tr. 15. Her applications were denied initially and upon reconsideration. *Id.* Shelley S. requested an administrative hearing and a hearing was held on July 22, 2019, before an Administrative Law Judge ("ALJ"). Tr. 33-67. In a written decision dated August 6, 2019, the ALJ found that Shelley S. was not disabled under the Social Security Act. Tr. 15-26. The Appeals Council denied Shelley S.'s request for review, making the ALJ's decision the final, reviewable decision of the agency.

      The ALJ evaluated Shelley S.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Shelley S. had not engaged in substantial gainful activity since the alleged onset date, March 30, 2017. Tr. 17. At step two, the ALJ found that Shelley S. suffers from the following severe impairments: fibromyalgia, obesity, depressive disorder, and anxiety. *Id.* At step three, the ALJ found Shelley S.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 18-20. The ALJ determined that Shelley S retains the residual functional capacity ("RFC") to:

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On July 30, 2021, it was reassigned to me.

>perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except she can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. She can never climb ladders, ropes, or scaffolds. She must avoid all exposure to hazards and uneven surfaces. She can understand, remember and carry out simply instructions, can perform simple, routine tasks, and can have occasional interaction with co-workers, supervisors and the general public.

Tr. 21.

At step four, relying on testimony provided by a vocational expert ("VE"), the ALJ determined that Shelley S. is unable to perform past relevant work. Tr. 24. At step five, relying on testimony provided by the VE, and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Shelley S. can perform, including final assembler, finisher, and addresser. Tr. 25. Accordingly, the ALJ found that Shelley S. was not disabled under the Social Security Act. Tr. 26.

Shelley S. presents two arguments in this appeal: (1) the ALJ's RFC determination does not take into account her moderate difficulties in maintaining concentration, persistence, and pace, and therefore runs afoul of the Fourth Circuit's decision in *Mascio*, 780 F.3d 632; and (2) the ALJ improperly discounted the claimant's subjective symptoms based solely on a purported lack of objective evidence of the symptoms.

Shelley S.'s first argument is that the ALJ did not evaluate her mental impairments in accordance with *Mascio*, 780 F.3d 632. In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* Where an ALJ finds that a claimant has limitations in concentration, persistence, and pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.*

In this case, unlike *Mascio*, the ALJ adequately explained how Shelley S's moderate limitations in concentration, persistence, and pace were accommodated in the RFC. The ALJ limited Shelley S. to work that only required her to "understand, remember, and carry out simple instructions" and to perform "simple, routine tasks." Tr. 21. The ALJ explained that these limitations were warranted to account for Shelley S.'s moderate limitations in concentration, persistence, and pace in light of Shelley S.'s testimony that she has motivation issues that keep her from completing tasks, and that she has trouble following written instructions. Tr. 20, 23, 24. By limiting Shelley S. to simple, routine work that only required her to follow simple instructions, the ALJ explained that the RFC accommodated for Shelley S.'s limitations with respect to concentration, persistence, and pace. Notably, the ALJ discussed the medical opinions of the State agency psychological consultants, which did not themselves support restrictions in the RFC for Shelley S.'s limitations in concentration, persistence, and pace. The ALJ explained that these opinions did not sufficiently account for Shelley S.'s limitations in these areas, and that a

2

restriction to following simple instructions and to performing simple, routine work was warranted. Tr. 23, 24. The Court finds that the ALJ's RFC determination and related findings are supported by substantial evidence and comply with the dictates of *Mascio*. *See Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020) (holding that an ALJ's finding that limited a claimant with moderate limitations in concentration, persistence, and pace to performing "simple, routine, and repetitive tasks" accounted for the claimant's mental limitations where the ALJ "discussed in detail the psychological evaluations performed by the SSA psychological consultants" and other evidence). Because the ALJ's decision complies with the holding in *Mascio*, this argument is without merit.

Shelley S.'s second argument is that the ALJ effectively required objective evidence to support her subjective symptoms and improperly rejected those subjective symptoms in the absence of such objective evidence. An ALJ must consider all relevant factors when evaluating a Plaintiff's symptoms. *See* 20 C.F.R. §§ 404.1529(c)(2)-(3), 416.929(c)(2)-(3). The ALJ did so in this case. If the ALJ had rejected Shelley S.'s subjective complaints merely because they were not supported by any objective evidence, this case might be subject to remand. *See Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 101 (4th Cir. 2020). But a review of the ALJ's decision makes clear that the ALJ considered Shelley S.'s alleged limitations and symptoms in light of all available evidence in the record, including the claimant's statements about the chronic pain caused by her fibromyalgia, treatment notes from the claimant's providers that documented the claimant's reports of knee pain, swelling, falling, and poor sleep, the claimant's activities of daily living, the medications prescribed to the claimant and their reported effectiveness, the claimant's relatively conservative treatment history, and a medical source statement concerning the claimant's fibromyalgia's effect on her ability to physically exert herself. The ALJ found that the claimant's fibromyalgia was a severe impairment and included restrictions in the RFC related to it. Shelley S.'s argument on this point is wholly unsupported by any citation to the record. Unlike *Arakas*, the ALJ in this case did not place undue emphasis on objective medical findings to undermine the claimant's subjective statements of the limitations and pain that resulted from her fibromyalgia and mental impairments. The Court finds that the ALJ complied with the governing regulations and that the decision is supported by substantial evidence. Accordingly, the Court rejects the claimant's argument on this point.

For the reasons set forth herein, Shelley S.'s Motion for Summary Judgment (ECF No. 13) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 14) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge